UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-1023 |
| ADA DAVID B. LEBLANC | SECTION "R" (2) |

**REPORT AND RECOMMENDATION**

Petitioner Dashone Marcel Reynolds filed this petition for pretrial habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] On May 23, 2023, the matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.[2]

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Reynolds was a pretrial detainee housed in the Orleans Justice Center when he filed this § 2241 petition.[3] An Orleans Parish grand jury indicted Reynolds in Orleans Parish Criminal Case No. 552-170 with one count each of second-degree murder, attempted second-degree murder, illegal possession of a firearm by a convicted felon, and obstruction of justice.[4] Although Reynolds filed this § 2241 petition while state criminal charges were pending, that case went to trial before the state trial judge without a jury and with Reynolds representing himself at trial.[5]

---

[1] ECF No. 4.
[2] ECF No. 11.
[3] ECF No. 4, ¶4, at 1.
[4] *State v. Reynolds*, __ So. 3d __, 2023 WL 4013322, at *1 (La. App. 4th Cir. Jun. 15, 2023).
[5] *Id*.

Reynolds has challenged his arrest and pretrial proceedings for these charges in numerous other § 2241 petitions, one of which was dismissed on the court's decision to abstain from considering Reynolds' pretrial claims.[6]

A.   **Prior § 2241 Petition**

In his previous § 2241 petition for federal habeas relief, Civil Action No. 22-200"R"(2) referenced in Reynolds' petition and the State's answer (ECF No. 8), Reynolds asserted the following arguments:

(1)   he was arrested after an unconstitutional search and seizure;
(2)   he was unable to exercise his right to a fair and speedy trial;
(3)   he was found mentally incompetent solely to take away the few constitutional rights he had;
(4)   he was unlawfully arrested despite the lack of evidence against him;
(5)   the eyewitness/victim did not choose him from the photographic lineup;
(6)   the license plate on the car was not in his name; and
(7)   the detective testified at the preliminary hearing that Reynolds could not be seen in the video of the crime.[7]

On March 8, 2022, the District Judge issued a briefing order requiring a response from the Orleans Parish District Attorney within 30 days of issuance of the order.[8] On April 4, 2022, the Respondent, represented by former Assistant District Attorney David B. LeBlanc, timely moved for a 30-day extension of time to respond by May 9, 2022, which the court granted.[9] The State's answer, filed April 19, 2022, challenged Reynolds' petition on grounds of failure to exhaust, abstention, and lack of merit.[10] The State also provided a two-volume copy of the state court

---

[6] *See Reynolds v. Orleans Crim. Dist. Ct.*, No. 22-200, 2022 WL 2789402, at *1 (E.D. La. Jul. 25, 2022) (Reynolds' prior § 2241 asserting challenges to the constitutionality of his arrest, the search and seizure, speedy trial violations, and sufficiency of the evidence at the preliminary hearing), *appeal dismissed*, No. 22-30473, 2022 WL 18511531, at *1 (5th Cir. Oct. 24, 2022). The other § 2241 cases include Civ. Action Nos. 22-247, 22-533, 22-562, 22-606, 22-946, 22-1023, 22-1234, 22-1328, and 22-1580 also before Section "R"(2) of this court.
[7] Civ. Action No. 22-200"R"(2), ECF No. 3, ¶13, at 6; *id.*, ECF No. 3-1, at 1-2.
[8] *Id.*, ECF No. 6.
[9] ECF Nos. 13, 14.
[10] *Id.*, ECF No. 16.

record for Orleans Parish Criminal Case No. 552-170.[11] That record included copies of Reynolds' arrest warrant number C-32687-21, other pleadings from Orleans Parish criminal magistrate case number 591-013, and the proceedings in Louisiana Supreme Court Writ No. 2021-KH-1706 in which Reynolds challenged his arrest and the state court's probable cause finding.

On July 15, 2022, this court dismissed the petition and abstained from the exercise of jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971).[12] Reynolds separately appealed the Order and the Judgment later entered September 13, 2022.[13] The United States Fifth Circuit dismissed both appeals for want of jurisdiction.[14]

### B.     Current § 2241 Federal Petition

Broadly construing his current § 2241 petition filed April 8, 2022,[15] Reynolds claims that he was denied the opportunity to oppose an extension of time to respond that the court granted to the State in Civil Action No. 22-200 "R" (2).[16] As relief, he asks the court to deny the State's motion for an extension in that case.[17]

In response to the court's briefing order issued prior to referral,[18] the State filed an answer to the petition on May 24, 2022, asserting that Reynolds' request was moot because the court could

---

[11] *See id*. at 1-2 (describing the state court record).  The state court record is still retained by the clerk of court.
[12] *Reynolds*, 2022 WL 2789402, at *2-3.
[13] Civ. Action No. 22-200 "R" (2), ECF No. 28, 33 (Notices of Appeal); *see also id*., ECF No. 31 (Judgment).
[14] *Id*., ECF Nos. 34, 35.
[15] For a *pro se* prisoner, the "mailbox rule" provides that the filing day is considered to be the date when prison officials receive the pleading from the prisoner for delivery to the court. *Stevenson v. Anderson*, 139 F. App'x 603, 604 (5th Cir. 2005); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (applying the mailbox rule to federal habeas petitions under § 2254). In the absence of contrary evidence, federal courts generally presume that the inmate's signature date on the complaint is the date he gave it to prison officials for mailing to the courts. *Accord Toomer v. Cain*, No. 09-7446, 2010 WL 4723365, at *1 n.3 (E.D. La. Jul. 30, 2010) ("Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing."). Reynolds signed his petition on April 8, 2022, which is the earliest date in the record on which he could have presented to prison officials for mailing to the court.
[16] ECF No. 4, ¶13, at 6 (Ground One).
[17] *Id*., ¶15, at 7.
[18] ECF No. 6.

not grant Reynolds' the requested relief when the court had already granted the extension and the State had already responded.[19]

## II.  SUBJECT MATTER JURISDICTION UNDER § 2241

A state *pretrial* detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241.[20] A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States."[21] A state detainee's pre-trial petition for writ of habeas corpus is properly brought under 28 U.S.C. § 2241.[22] The petitioner must be in custody for the state criminal matter under attack at the time the petition is filed.[23] A pretrial petitioner who has not yet been tried for the offense in question thus has a right, albeit limited, to invoke federal habeas relief under § 2241.[24] The scope of the limited review turns on the type of relief sought.[25]

A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances."[26] However, "an attempt to force the state to go to trial" may proceed following exhaustion of state remedies.[27]

---

[19] ECF No. 9.
[20] *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (recognizing that state pretrial detainees may bring pretrial challenges under 28 U.S.C. § 2241).
[21] 28 U.S.C. § 2241(c)(3).
[22] *See Chadman v. Fowler*, No. 17-703, 2018 WL 4051868, at *2 (N.D. Tex. Aug. 24, 2018); *Dickerson*, 816 F.2d at 224.
[23] *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
[24] *Braden v. 30th Jud. Dist. Ct.*, 410 U.S. 484, 488-89 (1973).
[25] *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).
[26] *Braden*, 410 U.S. at 489, 493.
[27] *Brown*, 530 F.2d at 1282-83.

## III.  DISCUSSION

As an initial matter, Reynolds has identified former Orleans Parish Assistant District Attorney David B. LeBlanc as the respondent in this case.  However, the proper respondent in a habeas corpus proceeding is the person having custody over the petitioner.[28]  "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"[29]  The proper respondent to have been named by Reynolds is not the prosecutor, but his immediate custodian at the Orleans Justice Center, where he was housed when this civil action was filed.[30]  Reynolds, therefore, has not named his custodian as a respondent in this proceeding to bestow the court with jurisdiction to grant relief under § 2241 if it were so inclined.

In addition, Reynolds asserts no challenge to his pretrial state criminal proceedings or to his subsequent conviction.  He instead used this § 2241 form petition as a means to collaterally challenge a motion in his federal habeas corpus proceeding in Civil Action No. 22-200 "R" (2).  The collateral challenge presented is not substantive such that the court could have considered allowing Reynolds to amend his petition in Civil Action No. 22-200 "R" (2).  Instead, his claim here was a procedural objection to the State's request for extension of time to file a response in Civil Action No. 22-200 "R" (2).  Reynolds seeks absolutely no habeas corpus relief in the current petition and presents no constitutional challenge to his detention that would present a cognizable claim under § 2241.[31]

---

[28] 28 U.S.C. §§ 2242 (the petition "shall allege . . . the name of the person who has custody over him . . ."); 28 U.S.C. § 2243 (equating "the respondent" with "the person having custody of the person detained.").
[29] *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).
[30] *Id*. at 439-40; *Mounce v. Knighten*, 503 F.2d 967, 969 (5th Cir. 1974).
[31] *See* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless-- [. . .] (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . ."); *cf. Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (to state a cognizable habeas claim, a petitioner must allege that he has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States.").

For these reasons, Reynolds failed to provide a basis for this court to exercise jurisdiction or to provide relief available under § 2241. His petition should be dismissed with prejudice for lack of jurisdiction and failure to state a claim cognizable under § 2241.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Dashone Marcel Reynolds' petition for habeas corpus relief considered under 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** for lack of jurisdiction and failure to state a claim cognizable under § 2241.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[32]

New Orleans, Louisiana, this 15th day of August, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[32] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.