UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DASHONE MARCEL REYNOLDS                CIVIL ACTION

VERSUS                                  NO. 22-1023

DAVID B. LEBLANC                        SECTION "R" (2)

# ORDER

Petitioner Dashone Reynolds, proceeding *pro se* and *in forma pauperis*, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] On August 15, 2023, Magistrate Judge Donna Phillips Currault issued a Report & Recommendation ("R&R"), recommending that the petition for habeas relief under § 2241 be dismissed with prejudice for lack of jurisdiction and for failure to state a claim cognizable under § 2241.[2]

Reynolds did not object to the R&R. Therefore, the Court reviews the R&R for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself

---

[1]   R. Doc. 4.
[2]   R. Doc. 14.

that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error.

Accordingly, the Court adopts Magistrate Judge Currault's R&R as its opinion. Reynold's petition for habeas relief under § 2241 is DISMISSED WITH PREJUDICE for lack of jurisdiction and for failure to state a claim cognizable under § 2241.

## **CERTIFICATE OF APPEALABILITY**

When a district court enters a final order adverse to a petition under 25 U.S.C. § 2241, the court may issue a certificate of appealability ("COA") only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gibson v. Orleans Parish Sheriff*, No. 13-30944, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (holding that a COA is required for state pretrial detainee); *Bourque v. Woods*, 296 F. App'x 395, 396 (5th Cir. 2008) (denying COA on state prisoner's § 2241 claims). The "controlling standard" for COA requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a [COA] should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Gibson*, 2014 WL 1066987, at *1 (quoting *Slack*, 529 U.S. at 484); *Bourque*, 296 F. App'x at 396 (quoting *Slack*, 529 U.S. at 484).

Reynolds' petition does not satisfy these standards. For the reasons stated in this Court's Order, the Court finds that Reynolds has not demonstrated that he is entitled to federal habeas relief under § 2241, that dismissal on procedural grounds is incorrect, or that the claims raised would engender debate among reasonable jurists or deserve encouragement to proceed further. Thus, the Court will not issue a COA.

New Orleans, Louisiana, this __6th__ day of September, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3